UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-276 (DWF/EMB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

TRENT FAIR,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Trent Fair, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges.** The defendant agrees to plead guilty to Count 4 of the Indictment, which charges the defendant with Coercion and Enticement of a Minor, in violation of 18 U.S.C. §§ 2422(b) and 2427. The defendant fully understands the nature and elements of the crime with which he has been charged and to which he has agreed to plead guilty.

Upon imposition of sentence, the Government agrees to move to dismiss the remaining charges against the defendant contained in the Indictment.

1

2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 4 of the indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

*Count 4 of the Indictment.* The defendant admits that from approximately August 15, 2024 through February 1, 2025, in the State and District of Minnesota and elsewhere, he knowingly used facilities and means of interstate and foreign commerce, namely, the internet, his cellphone, and a social media application, to persuade, induce, and entice Minor Victim 1 to engage in sexual activity which constituted a criminal offense.

Specifically, during that timeframe, the defendant admits he communicated with Minor Victim 1, a fifteen-year-old girl, through at least one internet-based social media platform and his cellphone. The primary purpose of the defendant's communications with Minor Victim 1 was to solicit Minor Victim 1 for sexually explicit material. On or about September 14, 2024, the defendant solicited Minor Victim 1 for sexually explicit material. In response to the defendant's requests, Minor Victim 1 produced and sent the defendant a ten second video which depicted Minor Victim 1 licking her fingers and inserting them into her vagina. The defendant knew Minor Victim 1 was 15 years old at this time. The defendant admits that through this conduct, he did

2

employ, use, persuade, induce, and entice Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

The defendant agrees that the video described above depicting Minor Victim 1 was produced for the purpose of sexual gratification, and that it constitutes child pornography. The defendant agrees that the video was produced, transmitted, and received using at least one electronic device that contained materials that were mailed, shipped, and transported in interstate and foreign commerce. The defendant further agrees that he carried out his coercion and enticement of Minor Victim 1, the production request described above, through Snapchat, an internet-based platform, which the defendant agrees is a means and facility of interstate commerce, and by using his cellular phone, which the defendant also agrees is a means and facility of interstate commerce.

The defendant agrees that he knowingly persuaded, induced, enticed, and coerced Minor Victim 1 to engage in sexual activity that constituted a criminal offense, namely, the production of child pornography in violation of Title 18, United States Code, Section 2251(a), and taking indecent liberties with children, in violation of Virginia Statute.

The defendant admits that, although Minor Victim 1 is anonymized in this plea agreement, he knows the identity of Minor Victim 1 and the other Minor Victims described in this Plea Agreement.

3

*Other Conduct.* Although the defendant is not pleading guilty to other counts in the indictment for Guidelines purposes, he takes full responsibility for the remaining conduct alleged in the indictment and uncovered throughout this investigation, and agrees the Court may consider that information in determining the appropriate sentence under 18 U.S.C. § 3553(a). Specifically, the defendant agrees that he engaged in other instances of sexual abuse of Minor Victim 1, including the production of other sexually explicit videos, and traveling from Minnesota to Virgina for the purpose of engaging in sexual activity with Minor Victim 1.

The defendant admits that, between May 25, 2024 through January 18, 2025, he persuaded and induced Minor Victim 2 to create several videos of child pornography when she was 16 years old, including by creating the 22 second video of the sexual act described in Count 2 of the Indictment.

The defendant admits that, between October 16, 2024 through January 22, 2025, he persuaded and induced Minor Victim 3 to create several images and videos of child pornography when she was 16 years old.

The defendant admits that he engaged in sexual acts with Minor Victim 4 when she was 14 years old, including oral, vaginal, and anal intercourse.

The defendant admits that he persuaded and induced at least three other minor victims to produce and send him child sexual abuse material.

4

Additionally, the defendant admits that he received and distributed at least one identified NCMEC series from and with others.

The defendant agrees that in committing all the above conduct, he acted knowingly, intentionally, and with the understanding that his actions violated the law.

3.    **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.

5

The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences.** The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d).  The defendant also understands that independent of

6

supervised release, the defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq.*

7.    **Statutory Penalties**. The defendant understands that Count 4 is a felony offense that carries the following statutory penalties:

a.    **a mandatory minimum of 10 years in prison;**

b.    a maximum of up to life in prison;

c.    a supervised release term of at least five years up to a maximum supervised release term of life;

d.    a maximum fine of $250,000;

e.    mandatory restitution to victims as agreed to by the parties in this agreement or determined at sentencing;

f.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

g.    potential special assessments of $5,000 to the Domestic Trafficking Victims' Fund, and up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, as set forth in herein.

8.    **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States

Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

**Count 4:**

a. <u>Applicable Guideline Cross-Reference</u>. The parties agree that the starting point to calculate the offense level for a charge of Coercion and Enticement of a Minor is U.S.S.G. § 2G1.3. That Section, at (c)(1), instructs district courts to apply a cross-reference to U.S.S.G. § 2G2.1—the Guideline for "Sexually Exploiting a Minor by Production of Sexually Explicit Visual Material"—where "the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The parties agree that the cross reference to USSG § 2G2.1 applies in this matter, because the defendant's offense involved him causing, transporting, permitting, or offering or seeking by notice or advertisement, Minor Victim A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

b. <u>Base Offense Level</u>. The parties agree that the base offense level for Count 4 is **32**. U.S.S.G. § 2G2.1(a).

c. <u>Specific Offense Characteristics</u>. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

    (1) **2 levels** because the offense involved a minor who was 12 years old but had not attained 16 years of age. U.S.S.G. § 2G2.1(b)(1)(B);

    (2) **2 levels** because the offense involved the commission of a sexual act or sexual contact. U.S.S.G. § 2G2.1(b)(2)(A); and

(3) **2 levels** because the defendant used a computer to solicit participation of the minor victim in sexually explicit conduct for the purpose of producing sexually explicit material.  U.S.S.G. § 2G2.1(b)(6)(B).

The parties agree that no other specific offense characteristics apply.

d.   Chapter 3 Adjustments.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

e.   Chapter 4 Adjustments. Because the defendant engaged in a pattern of activity involving prohibited sexual conduct, the parties agree that **5 levels** are added. U.S.S.G. § 4B1.5(b)(1).

f.   Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).   As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

9

g. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence or other information which should affect his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

h. <u>Total Adjusted Offense Level</u>. **Level 40.**

i. <u>Guidelines Range</u>. If the adjusted offense level is 40, and the criminal history category is I, the Sentencing Guidelines recommend **292 to 365 months' imprisonment.**

The defendant understands that, regardless of the Guidelines range, **Count 4 carries a mandatory minimum term of 10 years in prison.**

j. <u>Fine Range</u>. If the adjusted offense level is 40, the Sentencing Guidelines fine range is $50,000 to $250,000. U.S.S.G. § 5E1.2(c).

k. <u>Supervised Release</u>. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction. U.S.S.G. § 5D1.2; 18 U.S.C. § 3583(k).

9. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release

condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any

such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

The defendant also understands that the court may impose a special assessment of $5,000 payable to the Domestic Trafficking Victims' Fund, pursuant to 18 U.S.C. § 3014, if the defendant is found not to be indigent.

In addition, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A(a)(3), requires the payment of an additional assessment of up to $50,000 based on the defendant's conviction for production of child pornography. The parties agree that the Court may determine whether and to what extent an AVAA assessment is appropriate, based on the factors found in 18 U.S.C. §§ 3553(a) and 3572, and the parties may advocate their respective views at sentencing.

13. **Restitution Agreement.**

(A) **Victims of Offenses of Conviction**: The defendant understands and agrees that 18 U.S.C. § 2259 applies and that the Court is required to order the defendant to make restitution to the victim of the defendant's offense of

Coercion and Enticement of a Minor in Count 4, including Minor Victim 1, for the full amount of victim losses.

(B) **Agreed Upon Restitution; Child Pornography**: Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC. The parties agree that this agreement extends to all victims identified in the indictment, as well as any identified victims of child pornography "series" images that the defendant possessed. The parties agree that the amount of restitution owed under this subparagraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim(s) losses. The defendant understands that the restitution amount for individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual who requests restitution and has losses described in 18 U.S.C. § 2259(c)(2).

The defendant understands that the Court may order additional restitution if additional, eligible victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit

or limit the methods by which the United States may immediately enforce the judgment in full.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

The defendant agrees that these items are subject to forfeiture because they were used to commit the offenses of possessing, producing, and/or distributing child pornography. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the

15

forfeiture of the above-described property, the defendant withdraws any such challenges.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment **above 300 months' imprisonment.**

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal the sentence imposed in this case.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the

17

defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Date: 4/2/26

BY:   David Green
      Assistant United States Attorney

Date: 04/2/26

Trent Fair
Defendant

Date: 4/2/26

Kenneth Udoibok
Counsel for Defendant

18